UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| S.H.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Robert J. Vogelsberg, individually and in his official capacity; Daniel Collins, individually and in his official capacity; and the City of Faribault.<br><br>　　　　　　Defendants. | **COMPLAINT**<br><br>Court File No.<br><br><u>**JURY TRIAL REQUESTED**</u> |

## I. INTRODUCTION

1.　Robert Vogelsberg, a detective with the Faribault Minnesota Police Department, repeatedly abused his authority as a law enforcement officer to coerce S.H., a woman who was under Vogelsberg's direction and control as a confidential informant, to have sex with him. Vogelsberg used his position as S.H.'s handler to pressure her to engage in sexual conduct and provided S.H. with money, drugs, and favors in exchange for sex. Such egregious actions by Vogelsberg while acting as a law enforcement officer shock the conscience.

2.　Plaintiff, S.H., commences this action against defendant Vogelsberg for violations of her rights under the United States Constitution,

1

including her right to bodily integrity as protected by the due process clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's federal claims against defendant Vogelsberg are grounded in 42 U.S.C. § 1983. Plaintiff also invokes the supplemental jurisdiction of the court and asserts state tort claims against Vogelsberg for battery and intentional infliction of emotional distress and against defendants Collins and the City of Faribault for negligent supervision and retention of Vogelsberg.

## II. PARTIES

3. Plaintiff S.H. is a resident of the City of Faribault, County of Rice, State of Minnesota.

4. Defendant Robert Vogelsberg, at all times relevant hereto, was a law enforcement officer employed by the City of Faribault with a rank of Detective acting under color of law and within the course and scope of his employment.

5. Defendant Daniel Collins, at all times material hereto, was a law enforcement officer employed by the City of Faribault and the Chief of Police of the Faribault Police Department. In that capacity, defendant Collins was a supervisor of defendant Vogelsberg. At all times relevant hereto, defendant Collins was acting within the course and scope of his employment, under color of law, and pursuant to his authority as Chief of Police.

2

6.  Defendant City of Faribault is a body politic and corporate organized under the laws of the State of Minnesota. Said defendant was the employer of defendant Vogelsberg at all times relevant hereto and was responsible for his supervision, discipline, and retention.

### III. JURISDICTION

7.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (a) (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide claims arising under Minnesota law.

### IV. FACTS

8.  Robert Vogelsberg was hired as a Police Officer with the Faribault Police Department in 1995. In 2007, he was promoted to the rank of Detective.

9.  As a Detective with the Faribault Police Department, defendant Vogelsberg's duties and responsibilities included the investigation of narcotic offenses occurring within the City of Faribault. Upon information and belief, part of Vogelsberg's work involved recruiting individuals involved in the drug world to act as his confidential informants (hereafter "CI").

10. Defendant Vogelsberg first met the plaintiff, S.H., on or about December 22, 2009. Vogelsberg was then part of a task force that executed a search warrant on a residence located at 434 Park Avenue in Faribault, Minnesota. S.H. was present at the home during the raid. S.H. was found with drugs on her person, but was released at the scene.

11. In or about March 2010, Vogelsberg again had contact with S.H. when she was pulled over by Faribault police officers. Officers called Vogelsberg to the scene where he personally questioned S.H. S.H. was eventually released.

12. On or about June 22, 2010, charges were filed in Rice County District Court against S.H. for offenses stemming from the December 2009 raid. S.H. was charged with Fifth Degree Drug Possession (methamphetamine), Fleeing a Peace Officer, and Possession of Drug Paraphernalia.

13. In or about June 2010, S.H. received a phone call from Vogelsberg asking to meet. S.H. met with Vogelsberg in a blue Chevrolet Tahoe, which she understood to be his undercover police vehicle.

14. During this meeting, Vogelsberg unzipped his pants and told S.H. that if she became a CI and had sex with him her case would "disappear." S.H. felt pressured by Vogelsberg's status as a law enforcement officer and

4

15. S.H. thereafter agreed to become a CI for Vogelsberg and the Rice County Drug Task Force. S.H. signed a Cooperating Individual Conditions and Procedures Agreement on or about September 13, 2010.

16. Upon information and belief, Vogelsberg thereafter interceded on S.H.'s behalf with the Rice County Attorney's Office resulting in all charges against S.H. described in paragraph 12 above being dismissed on or about October 6, 2010.

17. From approximately June 2010 through June 2011, S.H. regularly met with Vogelsberg. Vogelsberg would call S.H. and tell her when and where to meet.

18. Using S.H.'s status as a CI as a pretext, Vogelsberg would routinely use such meetings as an opportunity to pressure S.H. into having sex with him.

19. During that time period, Vogelsberg used his position of authority to coerce S.H. into having sex with him between approximately 30-40 times.

20. Vogelsberg intimidated S.H. into having sex at his house, the houses of fellow Faribault police officers, the Faribault Police Department offices, and inside Vogelsberg's police vehicle.

5

21. Vogelsberg maintained his relationship with S.H. by continually emphasizing that she had to continue meeting with him to "work off her case."

22. Vogelsberg told S.H. that if she continued to have sex with him when and where he wanted, he would use his position of authority to do her favors. Vogelsberg specifically said he could make criminal charges against S.H. or her family members go away. Vogelsberg stated, "I am the law."

23. On one occasion, upon information and belief, Vogelsberg helped get a friend of S.H.'s out of jail. The following day, Vogelsberg drove S.H. out into the country and told her she had to have sex with him because of what he did for her. S.H. complied.

24. Vogelsberg also provided S.H. with money, marijuana, and pain pills in exchange for sex and information.

25. Vogelsberg also sent S.H. explicit text messages asking for nude photos, talking about the oral sex she performed, and asking when they could meet again. Vogelsberg continued to send messages of this nature during the entire time he had S.H. working for him as a CI.

26. The coercion, bribes, and sex continued from approximately June 2010 through approximately June 2011.

6

27. In or about June 2011, the father of S.H.'s child found nude pictures on S.H.'s phone that she had sent to Vogelsberg at his demand. Vogelsberg's actions were then reported to law enforcement.

28. On or about June 14, 2011, Vogelsberg was placed on administrative leave from the Faribault Police Department pending completion of an internal investigation.

29. On or about December 20, 2011, Vogelsberg resigned from his position as a police officer with the City of Faribault prior to the completion and formal presentation of the investigation's findings to the Faribault City Council.

30. Upon information and belief, defendant Collins knew or should have known of Vogelsberg's sexual improprieties with S.H. yet took no action to prevent Vogelsberg from having sexual contact with S.H.

31. As a result of the actions of defendant Vogelsberg, and the omissions of defendant Collins, plaintiff S.H. suffered physical pain, embarrassment, humiliation and other emotional distress. Further, that S.H. will in the future continue to suffer pain, embarrassment, humiliation and other emotional distress. Her damages are in an amount greater than $50,000.00.

32. At the time when Vogelsberg used his position as a law enforcement officer and his status as S.H.'s handler to force and coerce S.H.

7

into having sexual relations with him, S.H.'s right to bodily integrity was clearly established. Further, at such time no reasonable police officer would have believed that it would have been lawful to use one's status as a police officer to have someone who had been enlisted as a CI to engage in sexual relations with the officer.

## V. FEDERAL CLAIMS AGAINST ROBERT VOGELSBERG

*Count I: Substantive Due Process - Violation of the Right to Bodily Integrity*

33. Plaintiff restates and realleges the above allegations as if hereinafter set forth in full and incorporates same herein by reference.

34. The due process clause of the Fourteenth Amendment to the United States Constitution protects S.H.'s right to privacy including her right to bodily integrity.

35. Defendant Vogelsberg while at all times acting under color of law, deprived S.H. of her right to substantive due process when, while directing S.H. as a CI and using his authority as a police officer over S.H., he repeatedly coerced S.H. into having sexual relations with him, such conduct being so egregious and so outrageous, that it may fairly be said to shock the contemporary conscience. Defendant Vogelsberg thereby deprived S.H. of her right to substantive due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

36. The right of S.H. to bodily integrity as protected by the Fourteenth Amendment was clearly established as of all dates relevant hereto.

37. The actions of defendant Vogelsberg as described above were objectively unreasonable and the unlawfulness of these acts was apparent in light of clearly established law.

38. As a result of the actions of defendant Vogelsberg, plaintiff S.H. sustained the injuries and incurred the damages as set forth in paragraph 31 above.

*Count II: Punitive Damages Under Federal Law*

39. Plaintiff restates and realleges the above allegations as if hereinafter set forth in full and incorporates same herein by reference.

40. All of the aforementioned acts, errors and omissions of Robert Vogelsberg were committed in bad faith and with reckless disregard for the rights and safety of S.H. as well as other citizens so as to subject Robert Vogelsberg to punitive damages pursuant to the statutes and common law of the United States of America.

## VI. CLAIMS UNDER MINNESOTA LAW

*Count III: Battery*

41. Plaintiff restates and realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows.

42. That by coercing S.H. into having sexual relations with him, Vogelsberg intentionally caused harmful or offensive contact with S.H. such contact constituting battery.

43. As a result of defendant Vogelsberg's actions, S.H. sustained injuries and incurred damages as set forth in paragraph 31 above.

*Count IV: Negligent Supervision*

44. Plaintiff restates and realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows.

45. Defendants Collins and the City of Faribault had a duty to use reasonable care in supervising Robert Vogelsberg including his actions as a handler of CIs.

46. Said defendants failed to use reasonable care to supervise the activities of Robert Vogelsberg in his professional interactions and relationships with female confidential informants.

47. Robert Vogelsberg's activity as a handler or supervisor of confidential informants posed a threat of injury to female CIs if not properly supervised.

48. As a result, plaintiff S.H. sustained the injuries and incurred the damages as set forth in paragraph 31 above.

*Count V: Negligent Retention*

49. Plaintiff restates and realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows.

50. Defendants Collins and the City of Faribault had a duty to use reasonable care in retaining Robert Vogelsberg as a law enforcement officer employed by the City of Faribault.

51. Defendants Collins and the City of Faribault knew or should have known that Robert Vogelsberg posed a threat of physical injury to female CIs who were under his direction and control.

52. Said defendants failed to take reasonable action in retaining Robert Vogelsberg as a detective with the Faribault Police Department by, among other things, failing to conduct a proper investigation into Vogelsberg's relationships and interactions with female CIs, discharging Vogelsberg, reassigning Vogelsberg, or other reasonable action.

53. As a result, S.H. suffered the injuries and incurred the damages as set forth in paragraph 31 above.

*Count VI: Vicarious Liability*

54. Plaintiff restates and realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows.

55. Defendant City of Faribault, as an employer, is vicariously liable for the state law torts of its employees, defendants Vogelsberg and Collins as described above.

56. As a result of these torts, committed by employees of the City of Faribault while they were acting within the course and scope of their duties with the Faribault Police Department, plaintiff sustained injuries and incurred damages as set forth in paragraph 31 above.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff S.H. respectfully prays that this Court grant her relief as follows:

1. Awarding judgment in favor of Plaintiff S.H. against Defendants, and each of them jointly and severally, in an amount greater than Fifty Thousand ($50,000.00) Dollars in compensatory damages.

2. Awarding judgment in favor of S.H against Defendant Vogelsberg in an amount greater than Fifty Thousand ($50,000.00) Dollars as and for punitive damages pursuant to 42 U.S.C. § 1983.

3. Awarding plaintiff reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

4. Awarding plaintiff her costs and disbursements incurred herein.

5. For such other and further relief as to the Court is just and equitable.

GOETZ & ECKLAND P.A.

By: _____
FREDERICK J. GOETZ (#185425)
Banks Building
615 First Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR PLAINTIFF

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the Defendants.

_____
FREDERICK J. GOETZ
Attorney Registration No. 185425
Banks Building
615 First Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR PLAINTIFF